José COLÓN, Plaintiff and Appellee, *v.* PORTO RICO RAILWAY LIGHT & POWER CO., Defendant and Appellant.

No. 4833. Argued May 22, 1929.—Decided December 19, 1929.

*J. H. Brown, G. E. González* and *C. Ruiz Nazario,* for appellant. *Celestino Iriarte Jr.,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

José Colón obtained a judgment in the district court for two thousand dollars as damages arising out of the death of a son, alleged to have been caused by the negligence of defendant.

From the statement of the case and opinion filed by the district judge, we take the following extract:

"It has been shown by the evidence that the defendant operates an electric car service between Río Piedras and San Juan along the Military Road or Ponce de León Avenue; that on the 3rd of May, 1925, the electric car No. 8, belonging to defendant, when arriving at a place in front of the residence of Ramón H. Delgado, situated between stops 21 and 22 of the electric car line, Ponce de León Avenue, ran over the boy, Manuel Colón, causing him serious injuries that brought about his death then and there.

"The evidence has shown, besides, that the boy Manuel Colón, was crossing the Ponce de León Avenue at the aforesaid place carrying some clothes on his arm; that at that moment two motor buses were traveling in opposite direction, one of them going towards Río Piedras and the other towards San Juan, and when the boy was from one and a half to two meters from the electric car line an old charcoal vender shouted to him: 'look out for the bus'; that the boy then crossed the track toward the fence of the residence of Ramón H. Delgado which lies close to the track and has no pavement; that between the track and the fence there is no room for a person when a trolley car passes, and therefore the boy on the approach of the electric car No. 8 immediately fell back and was run over by the car which mangled him completely.

"The evidence has also shown that at the place of the accident the electric car track is straight and level and flush with the road; that the electric car was traveling at usual and moderate speed and that before the boy was run over the motorman made efforts or movements with the brake to stop, rang the bell, but did not stop or apply the reverse until he got some four meters past the spot of the accident, after the boy had been run over. Witness Juan Francisco Román, who was a passenger in the car, described the behavior of the motorman as 'mistaken' in the movements he made and in failing to stop, that is to say, that he was confused, and this shows that he had seen the boy crossing the track. The policeman Otilio Encarnación also testified that the motorman strove hard to stop the car, made effort to stop without succeeding after having hit the boy with the fender. The boy was taken from underneath the car with his bowels out, dead, after his body had been run over by two of the front wheels of the right hand side, going from Santurce to San Juan.

"At the time of the accident the boy had passed his sixteenth birthday, attended school at Maunabo where he lived with his father, and was casually in San Juan, in the house of an aunt of his whose name was Micaela, where he had come to stay fifteen days.

"Defendant herein did not adduce any evidence. It relied on a motion of nonsuit which was overruled. It was alleged by defendant in that motion that there had not been any proof of negligence on its part, or on that of its employees nor that it could have avoided the accident, and that it had not been shown that plaintiff had suffered material or pecuniary damages.

"Defendant alleged in its answer th'at even conceding that the accident and the damages had been shown, such accident and its consequences had been due solely and exclusively to the negligence of Manuel Colón and his father, the plaintiff herein, whose negligence had been the proximate and immediate cause of the accident and its consequences; and that should there also be negligence on the part of the defendant or its employees the contributory negligence of Manuel Colón and the plaintiff had also interv'ened as a proxim'ate and immediate cause of the accident.

"Manuel Colón was not negligent. He crossed the track when he was warned to mind the motorbus and promptly retreated after having reached the fence because he might be crushed there by the electric car, and the motorman who saw all such movements could have stopped the car and avoided the accident, but he failed to do so. The defendant had the last clear chance to avoid the 'accident, and the behavior of the motorman in failing.to stop the car, whether due to embarrassment or mistake, was the proximate cause of the accident. Bird v'. P. R. Railway, Light & Power Co., 33 P. R. R. 162; Rodríguez v. P. R. Ry., Light & Power Co., 32 P. R. R. 386."

Manuel Colón was not crossing the avenue when he received his warning from the charcoal vender. He and the street car were traveling in the same direction from Santurce toward San Juan on the left hand side of the avenue. On hearing the shout of the charcoal vender, the boy bounded or ran across the track to the fence and back again toward the traveled portion of the highway. At this time the street car was already within four or five meters of the spot. The boy did not fall into the fender, but beneath it. He was not carried forward nor dragged any appreciable distance. He was already underneath the fender when the policeman saw the motorman trying to stop the car. Only the first of the two front wheels on the. right hand side of the car passed over the body.

At the time of the accident, the street car track was not laid upon the regularly traveled part of the avenue. The rail nearest that part projected from an inch or an inch and a half to two or three inches above the surface of the ground. Between the rails there was a depression equal in depth to

the height of the rails. A pedestrian walking between the rails would have walked on the ties.

The facts outlined in *Bird* v. *P. R. Railway, Light and Power Company,* 33 P.R.R. 162, need not be restated here in order to distinguish that case.

Turning to *Rodríguez* v. *P. R. Ry., Light and Power Company,* 32 P.R.R. 386, at page 390 we find the following:

". . . The complainant, in a stooping position, was bailing out water which had accumulated during his absence at midday. He was within two feet of the railroad track with his back towards San Juan, from which direction the car came. He had been working for several hours apparently in this stooping position, with one leg a little higher than the other. He had successfully, according to his own statement, retired from his position several times to avoid previous cars that passed. The motorman stated that he saw him and his position of peril within four or five meters, but then was unable to stop his car in time. It is not shown that the motorman could have seen him before. There was evidence tending to show that there was a slight curve and a frequented street before reaching the place of danger, where there was also a mound of earth at the edge of the hole where the plaintiff was working. The contributory negligence of the complainant is evident and there is no reason for the application of the doctrine of the *last clear chance,* a doctrine which does not appear to have been raised in the court below. Complainant failed to show that the defendant could have avoided the accident by the exercise of the proper care. The complainant was heedless of the approach of the car and, absorbed in getting out the accumulated water, may have leaned over a rail too far, but he was not on the rail and there was nothing in the previous experience of the motorman on approaching this spot to make him realize that the complainant's position of peril would continue; at least he had no such idea until within four or five meters of the place of the accident, when it was too late to stop.''

In that case this court was divided but the dissent was not based upon any theory of negligence on the part of the motorman in not having stopped his car within a distance of four or five meters.

In the case at bar, Román, as well as the policeman, testified to the motorman's strenuous attempt to stop the car.

Román says that the car did not move more than four or five meters after the motorman began to apply the brake. This witness was occupying the fourth seat from the front. From the stenographic record of his testimony we quote the following:

"Did you see whether the motorman applied the reverse?

"No, sir, I noticed that the motorman rang the bell of the car and at the same time made movements tending to stop the car with the handle.

"Do you mean with the brake?

"Yes, sir, but it seems that he made a mistake, because I noticed that he rang the bell and did this . . . but the car went on."

There is no other basis in the record for the finding that the motorman could have stopped his car after the boy ran upon the track and in time to avoid the accident.

On cross examination Román admitted that he did not know anything about street cars or about their mechanism. The fact that he did not see the motorman put the car in reverse does not establish any neglect or omission of duty on the part of the motorman. There is nothing to show that it was the duty of the motorman to put the car in reverse while traveling ahead at ordinary speed or that such action would have avoided the accident. There is nothing to show that the brake applied by the motorman was not an emergency brake or that it was the appliance ordinarily used in making the regular stop. The sole reason for Román's conclusion that the motorman had made a mistake was that the car did not come immediately to a full stop. We cannot assume with the court below that an attempt to reverse the movement of the car while in motion would have been any more judicious or effective than the means actually employed by the motorman in the emergency with which he was confronted.

Something more might be said about a motorman's choice of method or means of control in an emergency, but we do not deem it necessary to discuss this aspect of the case.

A reversal of the judgment appealed from would have

been inevitable in any event for the want of a causal connection between the accident and the defendant. There is not a scintilla of evidence to support the finding that defendant was the owner of the street car in question or of any street car system whatsoever.

Our only doubt has been as to whether or not the case should be remanded for a new trial. On this point we are unable to escape the conclusion that the death of Manuel Colón was due to an unavoidable accident, that there was no satisfactory evidence of actionable negligence on the part of the motorman, and that the district judge erred in overruling the motion for nonsuit.

The judgment appealed from will be reversed and the action dismissed.